**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eddie RICHARDSON, Defendant–
Appellant.**

**No. 95–3053.**

United States Court of Appeals,
Seventh Circuit.

Decided Oct. 22, 1999.

---

Barry Rand Elden (submitted), Chief of Appeals, Office of the United States Attorney, Criminal Division, Chicago, IL, Jerome N. Krulewitch, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

William A. Barnett, Jr. (submitted), Chicago, IL, for Defendant–Appellant.

Before BAUER, RIPPLE, and EVANS, Circuit Judges.

PER CURIAM.

This case is before the court on remand from the Supreme Court of the United States. The Supreme Court vacated our judgment of November 14, 1997 (*see United States v. Richardson*, 130 F.3d 765 (1997)), and remanded the case to us for further proceedings consistent with its opinion of June 1, 1999.

The Supreme Court reversed that part of our opinion affirming Eddie Richardson's conviction under 21 U.S.C. § 848 (Continuing Criminal Enterprise—CCE) as charged in count two of the indictment. The basis for the Supreme Court's decision was its determination that the jury was improperly instructed as to whether, in a CCE case, it must unanimously agree not only that the defendant committed some "continuing series of violations," but also about which specific "violations" made up that "continuing series." Consistent with prior case law in this circuit, as well as the law of other circuits, we had determined that the jury was not required to unanimously agree on which violations formed the basis for the CCE. Instead, we held that the jury must agree unanimously that there was a series of violations. The Supreme Court noted that the error in this case might be harmless, and so the matter was remanded to us for a determination on that point.

Mr. Richardson was sentenced in this case in 1995 under two counts of conviction: count one, charging a conspiracy to distribute narcotics, and count two, alleging the CCE violation. He received two concurrent life sentences. The Supreme Court's decision did not in any way question or disturb Mr. Richardson's conviction or sentence under count one. Thus, even if Mr. Richardson's conviction on count two was permanently set aside, he would still be subject to the undisturbed life imprisonment sentence based upon his conviction under count one. Therefore, because the defendant's net sentence would not be changed by vacating count two, the government suggests that the matter be remanded to the district court so that count two can be dismissed. The suggestion is a good one. Accordingly, the case is remanded to the district court for that purpose.

So ORDERED.