**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
THIRD CIRCUIT
_____

No. 10-3706
_____

UNITED STATES OF AMERICA
v.

MAURICE PHILLIPS,
                              Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-07-cr-00549-001)
District Judge: Hon. J. Curtis Joyner
_____

Argued: May 23, 2014
_____

BEFORE: McKEE, *Chief Judge*, CHAGARES, *Circuit Judge*, and THOMPSON, *District Judge*.[*]

(Filed: October 16, 2014 )

WILLIAM MALLORY KENT **[ARGUED]**
1932 Perry Place
Jacksonville, Florida 32207

      *Attorney for Appellant*

 ZANE DAVID MEMEGER
United States Attorney
United States Attorney's Office

_____

[*] The Honorable Anne E. Thompson, Senior District Judge of New Jersey, sitting by designation.

615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

LINWOOD C. WRIGHT, JR. **[ARGUED]**
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

MAUREEN McCARTNEY
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

    *Attorneys for Appellee*

‾‾‾‾‾‾‾‾‾‾‾‾

OPINION
‾‾‾‾‾‾‾‾‾‾‾‾


McKEE, *Chief Judge*.

Appellant Maurice Phillips appeals the convictions and sentences imposed after a jury convicted him of a number of charges stemming from his role as the leader of the Phillips Cocaine Organization ("PCO"). Among his numerous claims on appeal, Phillips contends that the District Court erred in convicting and sentencing him for both drug conspiracy (Count I) and operating a Continuing Criminal Enterprise (CCE) (Count II) because, as the Supreme Court held in *Rutledge v. United States*, 517 U.S. 292 (1996),

drug conspiracy is a lesser included offense of CCE. Moreover, he claims that his CCE conviction should be vacated because the Court's charge on the CCE offense failed to instruct the jury that it must unanimously decide which violations constituted the "continuing series of violations" underlying the charge, as required by the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999). For the reasons that follow, we will vacate Phillips's conviction and sentence for Count II, the CCE charge. However, we will affirm the District Court with respect to all other issues raised on appeal.[1]

## I. BACKGROUND

Phillips and ten co-defendants were indicted, convicted, and sentenced for their involvement in the PCO, a large-scale interstate cocaine trafficking organization. Phillips led the PCO from 1998 until he was apprehended in 2007. The PCO had outlets in several jurisdictions, including New Jersey, Pennsylvania, New York, Maryland, the District of Columbia, and Virginia.

The indictment charged Phillips with eight violations relating to drug trafficking, money laundering, and the murder of a cooperating witness. A jury convicted him on all eight counts. Count I charged Phillips with conspiring to distribute five or more

---

[1] Phillips raises the following issues on appeal in addition to those just mentioned: (1) *Brady* violations with respect to the disclosure of an FBI report as well as arrest records of a government witness; (2) failure to suppress money seized from him; (3) expert testimony from an FBI forensic examiner; and (4) that his mandatory life sentence for operating a CCE and drug conspiracy convictions is inconsistent with *Alleyne v. United States*, 133 S. Ct. 2151 (2013). We conclude that Phillips was unable to demonstrate reversible error with respect to any of these issues and we therefore will affirm the District Court's rejection of each of those claims.

kilograms of cocaine and Count II charged him with operating a CCE. The indictment did not list which, if any, specific underlying drug law violations supported the CCE charge, and the jury was not instructed that it needed to unanimously find that Phillips committed three specific violations in order to convict him of operating a CCE. Phillips did not object to the jury instructions or the indictment during his trial.

At sentencing, Phillips received a life sentence for each of the three counts relating to the murder of the cooperating witness, and he received a term of 240 months' imprisonment for his role in the conspiracy's money laundering activities. Supplemental Appendix 3608. Phillips received a life sentence for his conviction of drug conspiracy (Count I) and a separate life sentence for operating a CCE (Count II). *Id.*

Phillips raises two issues for the first time on appeal: (1) whether the District Court committed plain error by convicting and sentencing him for both the CCE and drug conspiracy charges; and (2) whether the District Court committed plain error by failing to provide an instruction requiring unanimity as to the underlying offenses constituting the "continuing series of violations" in the CCE charge.

## II.     DISCUSSION

### A.     Standard of Review

Because Phillips did not raise these two issues until his direct appeal, the District Court's decision is reviewed for plain error.  *See Johnson v. United States*, 520 U.S. 461, 465-66 (1997).  In order for an appellate court to correct an error to which the appellant did not object at trial, the appellant must establish the following elements: (1) that an error occurred (i.e., that a legal rule was violated), (2) that it was a plain error, and (3)

4

that the error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732-35 (1993). Where a district court's decision was "clearly contrary to the law at the time of the appeal," that decision constitutes plain error and satisfies the first two prongs of the *Olano* standard. *Johnson*, 520 U.S. at 468. An appellant bears the burden of demonstrating an injury to substantial rights by demonstrating that the error "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734.

## B. Phillips's *Richardson* and *Rutledge* Claims

As previously noted, Phillips contends that the District Court erred by failing to give the jury a unanimity instruction on Phillips's CCE charge, and that he was wrongly convicted of both conspiracy and CCE because conspiracy is a lesser included offense of CCE. In its brief, the government concedes that both of Phillips' convictions for conspiracy and CCE cannot stand. *See Rutledge*, 517 U.S. at 303 (holding that convicting a defendant for both drug conspiracy in violation of 21 U.S.C. § 846 and CCE in violation of 21 U.S.C. § 848 is plain error because § 846 is a lesser included offense of § 848). The government also concedes that the district court erred by failing to give the jury a unanimity instruction as to Phillips's CCE charge.[2] *See Richardson*, 526 U.S. at 818 (holding that, in order to convict someone of engaging in a CCE, the jury must be unanimous as to which specific violations of the federal drug laws comprise the "continuing series of violations" underlying the CCE charge).

---

[2] The government does not concede, however, that Phillips is entitled to relief on his *Richardson* claim. Its position is that Phillips is unable to demonstrate that the District Court's failure to give the unanimity instruction prejudiced him, as he is required to do on plain error review. *See Olano*, 507 U.S. at 734.

5

If Phillips prevails on his *Richardson* claim, the remedy would be to vacate Phillips's CCE conviction; if he prevails on his *Rutledge* claim, the remedy would be to vacate either his conspiracy conviction or his CCE conviction. For this reason, and because Phillips will serve life sentences for other crimes regardless of this Court's resolution of these issues, the government puts forth a proposal: It suggests that we simply dismiss the CCE conviction (Count II), as doing so will remedy both the *Richardson* and *Rutledge* problems with Phillips's convictions. Appellee Brief 112-13. The government asserts that this proposal serves the interests of judicial economy and efficiency. We agree. *Accord United States v. Richardson*, 195 F.3d 316, 317 (7th Cir. 1999) (accepting a similar government proposal in similar circumstances).

Thus, we will vacate Phillips's CCE conviction on Count II and affirm his conspiracy conviction on Count I. Phillips has won a Pyrrhic victory.

### III. CONCLUSION

For the reasons we have explained, we will vacate the conviction and judgment of sentence imposed on Count II, but affirm the conviction and judgment of sentence imposed on Count I.