# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2012

No. 12-30710

Lyle W. Cayce
Clerk

In re: LEONARD JOHNSON,

Movant.

Motion for an order authorizing
the United States District Court
for the Eastern District of Louisiana
to consider a successive 28 U.S.C. § 2254 application

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leonard Johnson, Louisiana prisoner # 82109, has filed a motion for authorization to file a successive application for a writ of habeas corpus. For the following reasons, we deny his motion as unnecessary.

## I

Johnson was convicted of second-degree murder in 1976 in Louisiana state court and sentenced to imprisonment for life.[1] His conviction and sentence were affirmed on direct appeal.[2] Johnson filed a federal habeas application in 1988,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *State v. Johnson*, 598 So. 2d 1288, 1288-89 (La. Ct. App. 1992).

[2] *State v. Johnson*, 356 So. 2d 421 (La. 1978).

No. 12-30710

and the district court denied relief. On appeal, this court remanded the case to the district court to determine whether Johnson received ineffective assistance of appellate counsel.[3] On remand, the district court ruled that federal habeas relief should be granted unless the state afforded Johnson an out-of-time appeal.

The state trial court granted Johnson an out-of-time appeal in 1990.[4] While his appeal was pending, the Supreme Court of the United States decided *Cage v. Louisiana*, which concerned the adequacy of a jury instruction on the meaning of "beyond a reasonable doubt."[5] Johnson challenged the trial court's reasonable-doubt instruction based on both *Cage* and a Louisiana decision, *State v. Mack*.[6] The state appellate court determined that these cases announced new rules that were not retroactive in application and therefore affirmed Johnson's conviction and sentence.[7] The Louisiana Supreme Court denied a writ of certiorari.[8] Johnson subsequently initiated state post-conviction proceedings, which, according to Johnson's motion in this court, remained pending until November 19, 2010.

Johnson filed a second habeas application in federal court in 2011 arguing, among other things, that the reasonable-doubt instruction given at his trial was unconstitutional in light of *Cage* and *Sullivan v. Louisiana*.[9] On the recommendation of the magistrate judge, the district court determined that Johnson's application was successive because it challenges the same judgment

---

[3] *Johnson v. Smith*, No. 89-3224, slip op. at 5-6 (Mar. 7, 1990).

[4] *Johnson*, 598 So. 2d at 1289.

[5] 498 U.S. 39 (1990), *overruled in part*, *Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991).

[6] 403 So. 2d 8 (La. 1981).

[7] *Johnson*, 598 So. 2d at 1292.

[8] *State ex rel. Johnson v. State*, 639 So. 2d 1176 (La. 1994).

[9] 508 U.S. 275 (1993).

No. 12-30710

of conviction and sentence as his previous habeas application. The district court therefore dismissed his application without prejudice to refiling after obtaining this court's permission to file a successive habeas application.

## II

Prior to filing a successive § 2254 application, an applicant must obtain an order from the appropriate court of appeals authorizing the district court to consider the application.[10]  We may authorize the filing of a successive application only if the applicant makes a prima facie showing that either (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered through the exercise of due diligence" and "the facts underlying the crime, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[11]

## III

Johnson makes two arguments as to why he should be allowed to file the application at issue.  He first asserts that his application is not actually successive because his original conviction and sentence were rendered non-final by the grant of an out-of-time appeal.  He relies on *Magwood v. Patterson*,[12] in which the Supreme Court held that the applicant's challenge to a death sentence reimposed after appeal and remand was not successive.  Johnson alternatively argues that even if his application is successive, his *Cage* claim relies on a new

---

[10] 28 U.S.C. § 2244(b)(3)(A).

[11] 28 U.S.C. § 2244(b)(2), (b)(3)(C).

[12] 130 S. Ct. 2788 (2010).

No. 12-30710

rule of constitutional law made retroactive by the Supreme Court to cases on direct appeal or not yet final.

The Antiterrorism and Effective Death Penalty Act (AEDPA) does not define what constitutes a successive application.[13]  An application is not successive just because it is second-in-time.[14]  Instead, "AEDPA's bar on second or successive petitions only applies to a later-in-time petition that challenges the same state-court judgment as an earlier-in-time petition."[15]

Our previous cases addressing whether an application filed after an earlier successful application is successive provide little guidance in this case.  In *United States v. Orozco-Ramirez*, the applicant filed a motion challenging his sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel because his counsel did not file a notice of appeal.[16]  The district court ordered an out-of-time appeal, and on appeal, the applicant raised two issues relating to the quantity of drugs forming the basis of his sentence.[17] After his sentence was affirmed, he filed another § 2255 petition, asserting a number of errors, including that he received ineffective assistance of trial counsel and ineffective assistance of counsel on his out-of-time appeal.[18] We held that the applicant's ineffective assistance of trial counsel claim was successive because "the facts underlying [the applicant's] claims relating to his counsel's performance at trial occurred before he filed his initial habeas motion" and "he

---

[13] *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

[14] *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[15] *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012).

[16] 211 F.3d 862, 863 (5th Cir. 2000)

[17] *Id.*

[18] *Id.* at 869.

could have alleged those claims in that [initial] motion."[19] We held, on the other hand, that his claim for ineffective assistance of counsel on his out-of-time appeal was not successive because the facts underlying that claim did not arise until *after* his initial habeas application.[20]

In *In re Lampton*, Lampton was convicted of multiple offenses, including one count of conspiracy to distribute heroin and marijuana and one count of engaging in a continuing criminal enterprise (CCE).[21] He received life sentences for both of these convictions.[22]  Lampton's convictions and sentence were affirmed on direct appeal.[23]  He filed a § 2255 motion, and the district court determined that his convictions for both conspiracy and CCE violated the prohibition against double jeopardy.[24]  It therefore vacated his conspiracy conviction and the corresponding life sentence, leaving his CCE conviction and corresponding life sentence intact.[25]  Lampton filed another § 2255 motion, after a number of failed attempts, arguing that his petition was not successive because his judgment of conviction was amended by his successful earlier petition.[26]  We rejected Lampton's argument because, despite his successful

---

[19] *Id.*

[20] *Id.*

[21] 667 F.3d 585, 586-87 (2012).

[22] *Id.* at 587.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

motion, he was still serving the same life sentence for the CCE conviction—his earlier motion did not lead to a new judgment of conviction.[27]

Neither of these cases is directly applicable to the present case. In neither case were we confronted with a situation in which a state court had addressed a claim on the merits that was not raised in the initial habeas application. Nor could those cases have addressed such a situation because they were cases reviewing federal convictions, not state convictions. We conclude that in this limited situation, in which a state court grants an applicant an out-of-time appeal and addresses a claim on the merits that was not raised in the applicant's initial habeas application, the subsequent habeas application in federal court challenging the state court's decision on that claim is not successive. As to the claims addressed by the state appellate court in the out of time appeal, review of these claims was not final under AEDPA until the state court process of review was completed. Because Johnson's application is not successive, we deny his motion for authorization to file a successive application as unnecessary.

*    *    *

Johnson's motion for authorization to file a successive § 2254 application is DENIED as unnecessary.

---

[27] *Id.* at 589.