# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2013

No. 12-60886
Summary Calendar

Lyle W. Cayce
Clerk

ACCIDENT INSURANCE COMPANY,

      Plaintiff

v.

CLASSIC BUILDING DESIGN, L.L.C.,

      Defendant-Cross Defendant - Appellee

v.

MARTHA PACE,

      Defendant-Cross Claimant-Third Party Plaintiff - Appellant

v.

ROBERT D. BREWER,

      Third Party Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No: 2:11-CV-33

No. 12-60886

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Martha Pace appeals the district court's entry of summary judgment in favor of Classic Building Design, L.L.C. ("Classic") and Robert Brewer in this matter arising out of a personal injury claim. We AFFIRM.

## FACTS AND PROCEEDINGS

On September 2, 2005, Pace and her husband bought a house in Lamar County, Mississippi, from Brewer. Brewer is the sole member of Classic, which built the house. On February 26, 2010, a light fixture fell from the ceiling in a bathroom and struck Pace on her head, injuring her. Shortly thereafter, Pace's attorney contacted Brewer and asked to be put in touch with Classic's liability insurer. Classic then informed its insurer, Accident Insurance Company ("AIC"), about the incident and requested coverage.

AIC filed for declaratory relief in the district court on February 17, 2011, naming Classic and Pace as defendants, seeking a judgment that AIC's policy with Classic did not extend to cover Pace's claims. On March 22, Pace filed an answer, counter-claim, and cross-claim against Classic, alleging injury resulting from the incident. Pace claimed that Classic had negligently and improperly installed her light fixture and had negligently screened, trained, and supervised workers on the job site. On July 18, Pace filed a third party complaint against Brewer, and her Second Amended Complaint, filed on August 12, alleged claims substantially the same as those in her earlier pleadings, naming both Classic and Brewer (the "appellees") as defendants.

The case proceeded with discovery, with both Pace and the appellees producing expert witnesses. On July 6, 2012, the appellees filed a motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60886

summary judgment and a motion *in limine*, seeking to exclude the testimony of Pace's proffered expert witness, electrician James R. Neal.  Neal had stated in an initial written opinion that errors in the light fixture's installation, specifically a failure to tighten a certain connection, had caused the light fixture to fall.  At his deposition, after viewing photos of the light fixture after its fall to which he had not previously had access, Neal changed his opinion and stated that a failure to tighten a different connection had caused the fixture to fall.  Finally, in a supplemental report filed after his deposition, Neal stated that a failure to tighten one of three connections during the installation process had caused the fixture to fail.

In an order dated September 7, the district court granted in part the appellees' motion *in limine*, excluding Neal's original written opinion, but denied in part the motion inasmuch as it applied to Neal's deposition testimony and subsequent supplemental report.  The district court then granted the appellees' motion for summary judgment, holding that Pace had failed to introduce sufficient evidence to create a material issue of fact with respect to her negligence and negligent supervision claims.

Pace appeals the district court's summary judgment order.

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment *de novo*, applying the same legal standards as the district court." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir. 2012).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(c)).

## DISCUSSION

Pace argues that the district court erred in granting summary judgment. Before the district court, Pace alleged that her negligence claim was sufficiently supported either by her expert Neal's testimony or by a theory of *res ipsa*

3

*loquitur.* She also argued that she had submitted sufficient evidence to support her negligent supervision claim. On appeal, Pace only contends that the district court erred in granting summary judgment on her direct theory of negligence liability. As a result, we consider any argument with respect to *res ipsa loquitur* and her negligent supervision claim to be waived. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

The only direct evidence that Pace introduced that tended to support liability for the appellees was the expert testimony in Neal's deposition and supplemental report that an installation failure, which violated a standard of care, had been the cause of the light fixture falling. The district court, exercising its gatekeeping obligation under Federal Rule of Evidence 702, held that Neal's "opinions simply fail to rise above the speculative level," were therefore unreliable, and thus did "not create an issue of fact precluding summary judgment."

"This Court reviews the admissibility of expert testimony for abuse of discretion." *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 523 (5th Cir. 2013) (quoting *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 561 (5th Cir. 2004)). In this context, "[t]he district court's discretion will not be disturbed on appeal unless its decision was manifestly erroneous." *Id.* We see no such abuse of discretion in the district court's decision.

Neal's opinion as to the cause of the light fixture's failure changed at least twice over the course of discovery. As the district court noted, the light fixture did not fall until four years after it was installed, and Neal himself did not examine the light fixture until two years after it fell. In light of the lack of conclusiveness of Neal's offered testimony and the extremely attenuated timeline, we decline to hold that the district court's decision was "manifestly erroneous." *Id.* Because Neal's unreliable testimony was the only evidence Pace

No. 12-60886

presented that tended to support the breach and causation elements of her negligence claim, the district court's entry of summary judgment was proper.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.