# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50584

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHESTER ENNIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CV-89
USDC No. 3:02-CR-1430-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In March 2013, Chester Ennis, federal prisoner # 15681-001, filed a 28 U.S.C. § 2255 motion challenging a September 2003 judgment of conviction. That judgment imposed life sentences for one count of conspiracy to possess with the intent to distribute controlled substances and four counts of possession with intent to distribute a controlled substance, and it also imposed a concurrent 96-month term of imprisonment for one count of using a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

communication device to facilitate the commission of a felony. Because Ennis had already filed one § 2255 motion challenging that same judgment, the district court transferred the March 2013 motion to this court pursuant to 28 U.S.C. § 1631 as an unauthorized, successive motion. While Ennis's transferred motion was still pending in this court, Ennis filed in the district court a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure asking the district court to reconsider its characterization of his § 2255 motion as an unauthorized, successive motion and its decision to transfer the motion to this court as such. The district court denied Ennis's Rule 59(e) motion, and Ennis now seeks a certificate of appealability (COA) to appeal that denial of relief.

This case presents two jurisdictional questions. The first concerns the district court's statement in its order denying relief under Rule 59(e) that the order was a non-appealable interlocutory order. However, in a case like this one, where a successive § 2255 motion and an appeal from a § 1631 transfer order are both before this court, the transfer order "is an appealable, collateral order" over which we have jurisdiction. *In re Bradford*, 660 F.3d 226, 228-29 (5th Cir. 2011). Because we would have jurisdiction to review the transfer order in this case, *see id.*, it follows that we have jurisdiction to review the denial of a Rule 59(e) motion seeking reconsideration of that transfer order.

The second jurisdictional question in this cases arises because the district court did not address whether a COA was warranted when it denied Ennis's motion for reconsideration. We assume without deciding that we lack jurisdiction over the appeal from that order pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, which has language similar to former Rule 22 of the Federal Rules of Appellate Procedure. *See United States v. Youngblood*, 116 F.3d 1113, 1114 (5th Cir. 1997). We decline to remand this case to the

No. 13-50584

district court for a COA ruling because, for the reasons discussed below, such a remand would be futile and thus waste precious judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Accordingly, the appeal from the denial of the motion to alter or amend under Rule 59(e) is DISMISSED for lack of jurisdiction, and Ennis's motion for a COA is DENIED as moot.

In the alternative, even if we assume that we have jurisdiction over the appeal without the district court's ruling on a COA, we would deny a COA as to the Rule 59(e) motion. To obtain a COA, Ennis must show that reasonable jurists would debate whether the district court abused its discretion when it denied his Rule 59(e) motion. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Williams v. Thaler*, 602 F.3d 291, 304 (5th Cir. 2010). In January 2006, Ennis filed an unsuccessful § 2255 motion challenging his September 2003 judgment of conviction. Accordingly, the district court did not abuse its discretion in characterizing his most recent § 2255 motion as an unauthorized, successive motion and transferring it to this court under § 1631. *See In re Lampton*, 667 F.3d 585, 587-88 (5th Cir. 2012); *Bradford*, 660 F.3d at 230. Ennis thus cannot make the showing required to obtain a COA. *See Slack*, 529 U.S. at 484; *Williams*, 602 F.3d at 304.

Next, we construe Ennis's COA motion in the alternative as a request for authorization to file a successive motion under § 2255(h)(2) since he argues that recent Supreme Court decisions support his allegations that his convictions and sentences are invalid. To receive authorization under § 2255(h)(2), Ennis must show that his motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Ennis points to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), to

3

support his claim that he received ineffective assistance of counsel in connection with his decision to proceed to trial rather than plead guilty. *Cooper* and *Frye*, however, are not cases upon which a successive § 2255 motion may be based. *See In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (holding that those cases could not form the basis for a successive 28 U.S.C. § 2254 application under 28 U.S.C. § 2244(b)(2)); *Lampton*, 667 F.3d at 588 (holding that term "second or successive" as used in § 2244(b) and § 2255(h) have the same meaning). Ennis also points to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), as providing a new rule of law that would allow him to challenge the determination of his sentence on his drug-related counts of conviction. We have already held, however, that *Alleyne* does not allow a prisoner to bring a successive motion under § 2255(h)(2). *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Accordingly, Ennis's motion, to the extent that it can be construed as a motion for authorization to file a successive § 2255 motion is DENIED.