**In re Andrew Maxwell PARKER, Movant.**

No. 14–50250.

United States Court of Appeals, Fifth Circuit.

July 16, 2014.

**24.** *Id.* at *26.

Andrew Maxwell Parker, Bastrop, TX, pro se.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Andrew Maxwell Parker, federal prisoner # 08987–424, proceeding *pro se*, seeks authorization under 28 U.S.C. § 2255(h) to file a second or successive petition to vacate, set aside, or correct his sentence in the district court where the sentence was imposed. He argues that his petition is in fact not "second or successive" within the

meaning of the statute. We determine that his petition would be successive, and deny his motion for authorization to file it.

## I. Factual and Procedural Background

Parker pleaded guilty to eleven counts of an indictment charging him with conspiracy, wire fraud, money laundering, tax evasion, filing a false income tax return, and aiding and abetting related to various fraudulent loans guaranteed by the United States Export–Import Bank. Parker was sentenced to 60 months on the counts of conspiracy and tax evasion; 117 months on the counts of wire fraud, money laundering, and aiding and abetting; and 36 months on the counts of filing false income tax returns, all terms to be served concurrently. Parker was ordered to serve concurrent three-year periods of supervised release as to all counts, and he was ordered to pay $10 million in restitution and to forfeit real and personal property.

On direct appeal, this court rejected Parker's challenge to his guilty plea. *United States v. Parker*, 372 Fed.Appx. 558, 560–63 (5th Cir.2010). Parker moved for relief under 28 U.S.C. § 2255. The magistrate judge concluded that the § 2255 motion was without merit and recommended that it be denied. However, the magistrate judge also determined that Parker correctly argued that he should not have been sentenced to three-year periods of supervised release as to counts 27 and 28, relating to the filing of false income tax returns under 26 U.S.C. § 7206, because those terms exceeded the statutory maximum of one year. The magistrate judge rejected Parker's argument that a new sentencing hearing was required to correct the error. The district court adopted the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings and conclusions of the magistrate judge, and entered judgment denying and dismissing the § 2255 motion. The district court also entered a third amended judgment correcting the periods of supervised release with respect to counts 27 and 28.[1] Because all terms of supervised release are to run concurrently, Parker's overall length of supervised release on all counts remains three years. This court dismissed a direct appeal of the amended judgment, reasoning that Parker raised no issue related to the amended judgment but instead sought to raise claims rejected by the district court in his § 2255 petition, and thus required a certificate of appealability that he had not obtained. *United States v. Parker*, 520 Fed.Appx. 244, 245 (5th Cir.2013).

Parker filed another motion under § 2255, which the district court denied as successive and unauthorized, and, in the alternative, with prejudice as barred by limitations. Parker now moves in this court for leave to file a successive § 2255 motion.

## II. Discussion

Before filing a second or successive § 2255 motion in the district court, a movant must obtain leave from this court. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). This court may authorize the filing of a second or successive § 2255 motion only if the movant makes a prima facie showing that his claims rely on either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h); *see also* § 2244(b)(3)(C).

Parker makes no argument that his petition satisfies these requirements, but instead invokes *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), and *In re Lampton*, 667 F.3d 585 (5th Cir.2012). Liberally construed, Parker's argument is that he is not subject to the successive filing requirements because the third amended judgment constituted an intervening judgment that he has not yet challenged in a § 2255 motion. *See Magwood*, 561 U.S. at 339–42, 130 S.Ct. 2788.[2] In his motion and petition, Parker asserts numerous substantive issues that call into question the constitutionality of all of his counts of conviction. None of his claims pertain specifically to the new terms of supervised release as to counts 27 and 28. According to Parker's argument, the third amended judgment is a new, intervening judgment with regard to all his convictions and his sentence, and thus under *Magwood*, he may now challenge all the convictions and the entire sentence in a second § 2255 motion.

A § 2255 motion is not second or successive merely because it follows an earlier

---

1. The judgment provided: "As pronounced on October 27, 2008, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **\*This judgment is amended to correct the terms of supervised release as to Counts 27 and 28 pursuant to the Court's order of March 5, 2012.**"

2. *Magwood* was a 28 U.S.C. § 2254 case. 561 U.S. at 330–32, 130 S.Ct. 2788. "The phrase [second or successive] appears in both § 2244 and § 2255, and it carries the same meaning in both provisions." *Lampton*, 667 F.3d at 588 (applying *Magwood* in § 2255 context).

motion. *Magwood,* 561 U.S. at 331–32, 130 S.Ct. 2788; *Lampton,* 667 F.3d at 588. The phrase "second or successive" is "interpreted with respect to the judgment challenged." *Lampton,* 667 F.3d at 588 (quoting *Magwood,* 561 U.S. at 332–33, 130 S.Ct. 2788). "As a consequence, where the granting of an initial habeas petition results in the issuance of a new, intervening judgment of conviction, 'an application challenging the resulting new judgment is not second or successive' within the meaning of the statute." *Lampton,* 667 F.3d at 588 (quoting *Magwood,* 561 U.S. at 341–42, 130 S.Ct. 2788). We have previously stated that "Whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed." *Lampton,* 667 F.3d at 588 (citing *Burton v. Stewart,* 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (equating "judgment" in criminal case with "sentence")).

However, the fact that a judgment, including a sentence, is amended as a result of an initial § 2255 petition is not necessarily sufficient to render it a "new, intervening judgment" under *Magwood. See Lampton,* 667 F.3d at 587–88. We must consider the impetus and effect of the amended judgment. For example, in *Lampton,* the petitioner's one conspiracy conviction was overturned on a § 2255 motion on double jeopardy grounds, while his three convictions for engaging in a continuing criminal enterprise (CCE) were upheld. *Id.* at 586–87. Lampton had been sentenced to life imprisonment on all four convictions. *Id.* at 587. When Lampton filed another § 2255 motion, he contended that it was not successive because the criminal judgment had been amended. *Id.* at 587. This court held that the motion was successive because, despite the amended judgment, Lampton was still serving the same life sentence for the CCE conviction, and his "prior § 2255 petition did not yield a new judgment of conviction." *Id.* at 589.

In the instant case, the district court vacated the three-year periods of supervised release as to counts 27 and 28 because those terms exceeded the statutory maximum of one year, and it entered a third amended judgment imposing one-year periods of supervised release as to those counts and left intact the sentences imposed for the other counts of conviction. This amended judgment is unlike those that courts have found to constitute new, intervening judgments. In *Magwood* itself, the second-in-time habeas petition followed a grant of habeas relief and a resentencing proceeding. 561 U.S. at 323, 130 S.Ct. 2788; *see also Wentzell v. Neven,* 674 F.3d 1124, 1126–28 (9th Cir.2012) (holding that second habeas petition not successive under *Magwood* where it was filed after state courts granted partial relief and issued amended judgment); *Johnson v. United States,* 623 F.3d 41, 45–46 (2d Cir. 2010) ("*Magwood* applies in a situation where, as here, a prisoner who successfully challenged his judgment of conviction in a prior § 2255 motion files a subsequent § 2255 motion").[3] Here, although the initial § 2255 petition prompted the amend-

---

3. *Magwood* left open the question of whether a petitioner who obtains a grant of habeas relief as to his sentence is able to challenge his underlying convictions in a subsequent § 2255 motion. *See Magwood,* 561 U.S. at 341 & n. 16, 130 S.Ct. 2788; *compare Wentzell,* 674 F.3d at 1126–28 (holding that successive petition rules did not apply to second-in-time petition filed after state courts granted partial relief and issued amended judgment, even though current claims concerned "unaltered components" of original judgment and could have been raised in prior petition) *and Johnson,* 623 F.3d at 45–46 ("[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive

ment to the judgment, the district court did not grant habeas relief but merely corrected the petitioner's sentence. *See Parker,* 520 Fed.Appx. at 245. There was no need for the district court to make any reassessment of the sentencing evidence or law in correcting the judgment. *See Magwood,* 561 U.S. at 339, 130 S.Ct. 2788; *Lampton,* 667 F.3d at 588–89. The amended judgment is not the result of a new proceeding or resentencing, and the amended judgment had no effect on the overall length of Parker's supervised release. *See Magwood,* 561 U.S. at 339, 341–42, 130 S.Ct. 2788; *Lampton,* 667 F.3d at 588–89. Therefore, the district court did not enter a new sentence as contemplated by *Magwood. See Lampton,* 667 F.3d at 589. In the circumstances presented by this case, the amended judgment is not a new, intervening judgment under *Magwood* and *Lampton.*

Parker's petition is thus a "second or successive petition" within the meaning of § 2255. He makes no argument that if his petition is deemed successive, it satisfies the requirements of § 2255(h). Parker's motion for authorization to file this second § 2255 petition is denied.

### III. Conclusion

Parker's motion for authorization to file a successive § 2255 petition is DENIED. Parker has also moved to recall the mandate of the third amended judgment, for a hearing, for a refund of attorney fees, and for leave to conduct discovery. We likewise DENY those requests.

---

regardless of whether it challenges the conviction, the sentence, or both."), *with Suggs v. United States,* 705 F.3d 279, 282–85 (7th Cir. 2013) (holding that second-in-time § 2255 motions filed after resentencing "are second or successive when they challenge the underlying conviction" even though they "are not second or successive when they allege errors made during the resentencing"). In light of our holding, we do not reach this question.