# United States Court of Appeals for the Fifth Circuit

No. 22-20447
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Howard Grant,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-424-3

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Howard Grant, former federal prisoner #43671-279, was convicted by a jury in 2010 of conspiracy to commit health care fraud and two counts of aiding and abetting health care fraud. He appeals the district court's denial of his petition for writ of coram nobis challenging those convictions. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20447

Government has filed an opposed motion for summary affirmance and an alternative motion for an extension of time in which to file its brief.

When reviewing the denial of a writ of coram nobis, we review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). Even affording Grant the liberal construction that he is due, he proffers no discernible argument that he has satisfied the prerequisites for coram nobis relief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance and alternative motion for extension of time are DENIED.

Finally, this court has previously warned Grant that filing frivolous, repetitive, or otherwise abusive filings would invite the imposition of sanctions and imposed a sanction of $300. *See United States v. Grant*, 740 F. App'x 412, 412–13 (5th Cir. 2018). The warnings and sanction have not deterred Grant. Accordingly, a SANCTION IS IMPOSED. Grant is ordered to pay a monetary sanction in the amount of $500, payable to the clerk of this court. Grant is BARRED from filing, in this court or any court subject to this court's jurisdiction, any challenge to his convictions or sentences until the sanction is paid in full unless he first obtains leave of the court in which he seeks to file such a challenge. Grant is also WARNED that the further filing of frivolous, repetitive, or otherwise abusive challenges to his convictions or sentences in this court or any court subject to this

No. 22-20447

court's jurisdiction will subject him to additional and progressively more severe sanctions. *See In re Lampton*, 667 F.3d 585, 590 (5th Cir. 2012).