# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60003
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2024

Lyle W. Cayce
Clerk

Anthony Isby,

*Petitioner—Appellant*,

*versus*

Burl Cain, *Commissioner, Mississippi Department of Corrections*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:21-CV-187

---

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Anthony Isby, Mississippi prisoner # R3522, challenges the district court's determination that it lacked jurisdiction to consider his second-in-time 28 U.S.C. § 2254 application and transferring the application to this court for consideration of whether the application was successive. Isby contends that his application is not successive because he is challenging a

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

decision of the Mississippi Supreme Court denying his application for postconviction relief which occurred after the filing of his initial § 2254 application.

Before an applicant files a second or successive habeas application, the prisoner must obtain authorization from this court. 28 U.S.C. § 2244(b)(3)(A). "If a petitioner files a second or successive petition in the district court without first obtaining authorization from the court of appeals, the district court may transfer the petition to the court of appeals . . . because the district court lacks jurisdiction over the petition." *Rivers v. Lumpkin*, 99 F.4th 216, 220 (5th Cir. 2024) (internal quotation marks and citation omitted), *petition for cert. filed* (U.S. June 24, 2024) (No. 23-1345). We have "appellate jurisdiction over the district court's transfer order, and . . . apply de novo review to the district court's determination that it lacked jurisdiction to consider the claims [Isby] raised in his second-in-time petition." *Id.* at 219.

A § 2254 application is not successive merely because it is numerically second. *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). Instead, a § 2254 application is deemed successive when it challenges the applicant's original state court conviction and not "a new judgment for the first time." *Magwood v. Patterson*, 561 U.S. 320, 333 (2010). Unlike the petitioner in *Magwood* and despite Isby's assertions to the contrary, Isby's state and federal applications did not disturb the state judgment pursuant to which he is in custody. The Mississippi Supreme Court decision denying his application for postconviction relief does not constitute a "new judgment" because a new sentence was not imposed. *See In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012). Instead, Isby is again challenging the validity of the same state court judgment that he challenged in his initial § 2254 application. Accordingly, the district court did not err in determining that Isby's numerically second § 2254 application was successive. *See Magwood*, 561 U.S. at 333.

No. 24-60003

**AFFIRMED.**