ON MOTION FOR CLARIFICATION

PER CURIAM.
The Opinion previously filed in this case, on November 10, 1999, is vacated and this Opinion shall stand it its stead.
After a trial by jury, the appellant, who was the defendant below, was adjudicated guilty of the crimes of First Degree Murder of his wife and Attempted Murder in the First Degree of a bystander.
We find that the record does not support the conviction for Attempted Murder in the First Degree. Rather, the evidence in this case, as it relates to the shooting of the bystander, only supports a conviction for Attempted Murder in the Second Degree. Accordingly, this cause is remanded to the trial court with directions to reduce the conviction for Attempted Murder in the First Degree to a conviction of Attempted Murder in the Second Degree.
As to the other points raised on appeal, we find that appellant failed to demonstrate harmful error. While the comments made by the Prosecutor were highly improper, they do not justify a reversal in this case, particularly in view of the overwhelming evidence of guilt. See Zamot v. State, 375 So.2d 881 (Fla.App. 3 DCA 1979). In Zamot, this Court stated:
We have some difficulty, however, in resolving the defendant’s last contention. Undoubtedly, the prosecuting attorney’s final argument to the jury which is complained of on this appeal was highly improper, cannot be justified *1128 as a proper retaliatory argument against an otherwise proper argument by defense counsel, and, ordinarily, would call for a reversal of the conviction herein. Our review of the record, however, convinces us that this argument, although highly improper, did not materially contribute to this conviction. The evidence of the defendant’s guilt was overwhelming. ...
:¡í ijc sjc
This opinion should not be interpreted as approving the argument made by the prosecuting attorney in this case. Although we have declined to reverse this conviction, we are not holding that this argument is permissible and can be made again in a different case with impunity. Indeed, it is our view that, had the case been close on this issue of guilt or innocence, a different result would be required.
Zamot, 375 So.2d at 882-88 (citations and footnote omitted).
Furthermore, the fact that the defense attorney’s conduct was less than admirable does not, in any way, justify the prosecutor’s comments. Accordingly, the judgment and sentences appealed from, as modified herein, are affirmed.
Affirmed as modified.