[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15718

_____

D.C. Docket No. 1:13-cv-22703-KMW

CAMERON COX,

Petitioner-Appellant,

versus

SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2016)

Before TJOFLAT, MARCUS and ROGERS,[*] Circuit Judges.

ROGERS, Circuit Judge:

_____

[*] Honorable John M. Rogers, United States Circuit Judge for the Sixth Circuit, sitting by designation.

When a Florida jury convicted Cameron Cox in 1998 of three counts, he received prison sentences on Counts 1 and 2 but a suspended sentence on Count 3. Between 1998 and 2013, Cox filed several federal habeas corpus petitions, some of which were denied on the merits. In 2013, upon motion by Cox, a Florida state court dismissed Count 3 from his judgment on the grounds that his convictions for Counts 1 and 3 violated double jeopardy. Cox then filed the instant habeas petition, arguing that the state court's 2013 dismissal of Count 3 created a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010), thereby permitting him to avoid AEDPA's bar on second or successive habeas petitions. Under the federal habeas statute as modified by AEDPA, a petitioner may challenge only the state-court judgment "pursuant to" which the petitioner is being held "in custody." 28 U.S.C. § 2254(a). Because Cox was never sentenced on Count 3, he has never been held in custody pursuant to Count 3. Accordingly, because the state court's dismissal of Count 3 did not affect the judgment pursuant to which Cox is in fact being held in custody, the dismissal did not create a new judgment under *Magwood* and the district court properly dismissed Cox's habeas petition as second or successive.

In 1998, Cox was convicted of three felony counts: first-degree murder with a firearm (Count 1), attempted first-degree murder with a firearm (Count 2), and unlawful possession of a firearm while engaged in a criminal offense (Count 3).

Cox was sentenced to life imprisonment without the possibility of parole on Count 1 and eighty-eight months' imprisonment with a three-year mandatory minimum sentence on Count 2, to run consecutively to Count 1. The trial judge suspended Cox's sentence as to Count 3. On direct appeal, the state appellate court concluded that Cox's conviction on Count 2 should be reduced to attempted murder in the second degree. *Cox v. State*, 745 So.2d 1127, 1127–28 (Fla. Dist. Ct. App. 1999). The sentence for Count 2 was not affected, and the state appellate court remanded the case for the trial court to correct Cox's conviction on Count 2. *Id.*

In 2000, Cox filed his first federal habeas petition, which was dismissed without prejudice. In 2003, Cox filed his second habeas petition, which was dismissed as untimely. In 2008, Cox realized that the state trial court had neglected to correct his Count 2 judgment on remand. He filed a motion seeking the entry of judgment to reflect the reduction of Count 2 to attempted second-degree murder. In 2009, the state trial court vacated Cox's original judgment as to Count 2 only and corrected Count 2 in a separate order, leaving Cox's sentence unchanged. In 2011, Cox filed his third habeas petition, which was dismissed as time barred.

In March 2013, Cox filed a motion in Florida state court, pursuant to Fla. R. Crim. P. 3.800, to correct an illegal sentence on the ground that his convictions for first-degree murder with a firearm (Count 1) and for unlawful possession of a

3

firearm while engaged in a criminal offense (Count 3) violated double jeopardy. In May 2013, the state court granted Cox's motion, stating: "The Judgment shall only be amended to reflect the Defendant was convicted of First Degree Murder and Attempted Second Degree Murder. The Defendant was not sentenced to Count Three and the Judgment will stand. Count Three will be dismissed." Cox then filed his fourth federal habeas petition—the one presently before us—in July 2013, raising a number of claims related to his 1998 convictions for Counts 1 and 2 and arguing that AEDPA's bar on second or successive petitions does not apply, because the 2013 state-court order created a "new judgment." The district court dismissed Cox's petition as successive, reasoning that "the judgment and sentence that Petitioner is attacking here is the judgment and sentence as to Count 1, which has not been amended and which Petitioner has already attacked in three prior petitions to this Court," and granted a certificate of appealability.

Cox's petition was properly dismissed as successive. Because Cox was never held in custody pursuant to Count 3, the 2013 state-court order dismissing Count 3 did not create a new judgment that would permit Cox to collaterally attack his remaining convictions anew. In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court held that a federal habeas petition is not "second or successive" if it challenges a "new judgment" that was issued after the prisoner filed his first habeas petition. *Id.* at 331–33. In *Magwood*, a new judgment was created when

the state court resentenced the petitioner but left the petitioner's underlying conviction intact. *Id.* at 330–31. The Supreme Court held that the petition, which challenged the sentence that was imposed at the resentencing, was not successive. *Id.* Subsequently, in *Insignares v. Secretary, Florida Department of Corrections*, 755 F.3d 1273 (11th Cir. 2014), we answered a question left open by *Magwood* by holding that a petitioner may challenge his or her undisturbed conviction after the state imposed only a new sentence. *Id.* at 1280–81. We explained that a habeas petition is not second or successive when it is the first to challenge a new judgment, regardless of whether the petition challenges the sentence or the underlying conviction. *Id.*

Under the federal habeas statute as modified by AEDPA, a habeas petition may challenge only the state-court judgment "pursuant to" which the petitioner is being held "in custody." 28 U.S.C. § 2254(a). Due to this restriction, the federal habeas statute is "specifically focused on the judgment which holds the petitioner in confinement." *Ferreira*, *v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007). Consequently, "the judgment to which [the federal habeas statute] refers is the underlying conviction and most recent sentence that *authorizes the petitioner's current detention*." *Id.* at 1292 (emphasis added). In this case, Cox is being held (and always has been held) in custody pursuant to the 1998 convictions for Counts 1 and 2 and their accompanying sentences of life imprisonment without the

possibility of parole and eighty-eight months' imprisonment with a three-year mandatory minimum sentence. Because a sentence was never imposed for Count 3, Count 3 never authorized Cox's detention, and its dismissal changed neither the length nor the nature of the confinement that Florida is permitted to impose on him, nor the conviction on which his confinement was based. In short, Cox's petition is second or successive because Count 3's dismissal had no effect on the judgment holding him in custody.

This conclusion is in accord with our recent decision in *Patterson v. Secretary, Florida Department of Corrections*, 812 F.3d 885, 891 (11th Cir. 2016). In *Patterson*, the state court sentenced the petitioner in 1998 to consecutive terms of 311 months' imprisonment and life imprisonment, as well as chemical castration. *Id.* at 886. After the district court dismissed his first federal habeas petition as untimely, the state court in 2009 amended his sentence to remove chemical castration but left his prison sentences intact. *Id.* When the petitioner later filed another habeas petition attacking his underlying convictions, we held that his petition was not successive. *Id.* at 889–92. We reasoned that "[w]hen a state court corrects a legal error in an initial sentence, and imposes a new sentence that is substantively different than the one originally imposed, there is a new judgment under *Magwood* and *Insignares*." *Id.* at 891. We explained that the original 1998 judgment, standing alone, no longer fully accounted for Florida's

authority to detain the petitioner; instead, one had to look to both the 1998 judgment and the 2009 state-court order to determine what punishment Florida could inflict—consecutive terms of 311 months' imprisonment and life imprisonment, but not chemical castration. *Id.*

Here, unlike the case in *Patterson*, one need not look to the 2013 state-court order to determine what punishment Florida may impose on Cox. Instead, the original 1998 judgment provides for all of Florida's authority to detain Cox. Both before and after the 2013 state-court order, Count 3 did not provide Florida with any authorization to hold Cox in custody. The 2013 order had no effect on Florida's ability to detain Cox—Florida's sole source of authorization to confine Cox comes from Counts 1 and 2 as laid out in the 1998 judgment.[1] Because Count 3 never provided a basis for Cox to be held in custody, its dismissal had no effect on the state-court judgment "pursuant to" which he is, in fact, being held "in custody" under 28 U.S.C. § 2254(a).

At oral argument, Cox argued that because "custody" in the context of habeas relief is not limited to physical custody but also includes any "significant restraint on . . . liberty that is not shared by the general public," *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (citing *Jones v. Cunningham*, 371

---

[1] While the 2009 state-court order reduced Cox's conviction for Count 2 from first degree to second degree, it did not affect Cox's sentence. Thus, it appears that the 1998 judgment is the state-court action that authorizes Cox's detention, rather than the 2009 order. We do not need to decide this one way or the other, however, because in any event Cox later filed a habeas petition (in 2011) that was denied on the merits.

7

U.S. 236, 240–43 (1963)), it is a concept broad enough to encompass the collateral effects caused by the fact of having a felony conviction on one's record, such as the potential to incur criminal history points and career-criminal status under the Sentencing Guidelines.  However, as the Supreme Court has explained, a habeas petitioner is not held "in custody" by a conviction "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  Just as the fact of conviction is not sufficient to constitute "custody" under § 2254 when the state imposes only a fine with no provision for incarceration, *see Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982), the fact of conviction cannot constitute "custody" when the state imposes no punishment at all.  To permit the simple fact of a felony conviction without any form of accompanying punishment to constitute "custody" under the federal habeas statute would be to eliminate the custody requirement altogether.

Cox also argues that because our cases define "judgment" as including both the conviction and the sentence, *see Ferreira*, 494 F.3d at 1292; *Insignares*, 755 F.3d at 1281,  invalidating one count of a multi-count conviction creates a new judgment under *Magwood* even if the petitioner's overall sentence does not change.  Essentially, Cox argues that a non-clerical change to either component of a judgment—i.e., a change either to the conviction or to the sentence—results in a

8

new judgment, even if the other component is left untouched.  The problem with Cox's argument is that Count 3 never constituted a judgment as defined by *Ferreira* and *Insignares* in the first place.  "[T]here is only one judgment, and it is comprised of both the sentence and the conviction."  *Insignares*, 755 F.3d at 1281. When a conviction is not attached to any type of sentence—such as the case here with Count 3—it is not a judgment within the meaning of the federal habeas statute.  Because Count 3 was never part of Cox's judgment for purposes of the federal habeas statute, its dismissal did not create a new one under *Magwood.*

Finally, in deciding that the 2013 state-court order dismissing Count 3 did not create a new judgment, we need not take sides in a split between the Fifth and Second Circuits.  The Fifth Circuit in *In re Lampton*, 667 F.3d 585 (5th Cir. 2012), and the Second Circuit in *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010), dealt with materially indistinguishable facts.  In both cases, the petitioners were convicted on multiple counts and sentenced to multiple prison terms to run concurrently.  *Lampton*, 667 F.3d at 587; *Johnson*, 623 F.3d at 42.  In each case, as a result of the petitioner's first 28 U.S.C. § 2255 motion, one of the convictions and sentences was vacated on double jeopardy grounds but the other convictions and sentences were left intact.  *Lampton*, 667 F.3d at 587; *Johnson*, 623 F.3d at 43. Because in both cases the vacated conviction's sentence was the same length as or shorter than the sentence of the remaining convictions, the total amount of time the

9

petitioner would be imprisoned ultimately did not change. *Lampton*, 667 F.3d at 587; *Johnson*, 623 F.3d at 43. When the petitioner in *Johnson* filed his second § 2255 motion, the Second Circuit concluded that the motion challenged a new judgment under *Magwood* and therefore was not second or successive. 623 F.3d at 45–46. Conversely, when the petitioner in *Lampton* filed his second § 2255 motion, the Fifth Circuit rejected his *Magwood* arguments and reasoned that the petitioner "is still serving the same life sentence on the same . . . conviction" that was originally imposed. *Id.* at 588–89. We need not delve into this divide, because Cox's Count 3 is materially distinguishable from the situation of concurrent sentences. Unlike *Johnson* and *Lampton*, in which the vacated convictions carried sentences that were part of the petitioner's original total sentencing holding him in custody, here, Count 3 never carried a sentence that was part of Cox's original total sentencing.

For the foregoing reasons, the district court's dismissal of Cox's habeas petition as second or successive is affirmed.

**AFFIRMED**.